IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE L. GARCIA,

      Plaintiff,

vs.                                                                   No. 19-cv-1138 JCH-JFR

JOSE G. ANDRADE-BARRAZA,
PAUL OLIVER and SHERI PIERCE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's *Pro Se* Tort Complaint (Doc. 1-2), which was removed to Federal Court on December 4, 2019. Also before the Court are Plaintiff's pending motions seeking discovery, a status conference, and the appointment of counsel (Docs. 6, 7, 8). Plaintiff contends prison officials were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Having reviewed the matter under 28 U.S.C. § 1915A, the Court determines the claims against Defendant Andrade-Barraza survive initial review. The case may proceed against that Defendant, but Plaintiff must amend his remaining claims.

### I. Background[1]

Plaintiff was previously incarcerated at the Southern New Mexico Correctional Facility (SNMCF). (Doc. 1-2 at 2). He is 62 years old, disabled, and has a degenerative form of Parkinson's disease. In 2019, he suffered from nerve pain in his back, legs, and feet. SNMCF physician Dr. Andrade Barraza allegedly refused to order an MRI for Plaintiff's back and refused to dispense

---

[1] The background facts are taken from Plaintiff's complaint (Doc. 1-2). For the limited purpose of this ruling, the Court assumes that Plaintiff's allegations are true.

"Tylenol-3" for the pain. Plaintiff's feet were constantly numb, and he had trouble walking and urinating. When Plaintiff lost an insole for his shoe, Dr. Andrade Barraza allegedly refused to replace it and stated: "to[o] bad." (Doc. 1-2 at 5). Plaintiff also sent an inmate request form regarding the pain to SNMCF Medical Director Sheri Pierce, but she allegedly failed to respond.

On June 6, 2018, Plaintiff filed the Complaint in New Mexico's Third Judicial District Court, Case No. D-307-CV-2019-2495. (Doc. 1-2). The Complaint raises claims for deliberate indifference to medical needs under the Eighth Amendment and New Mexico state law. (Doc. 1-2 at 9). Plaintiff seeks at least $750,000 from Defendants Andrade Barraza and Pierce. Defendants, through counsel, removed the Complaint to this Court on December 4, 2019, within thirty days of receipt of the initial pleading. (Doc. 1 at 1). Defendants paid the filing fee, and the matter is ready for initial review.

**II. Standard of Review Under Rule 12(b)(6) and Section 1915A**

Where, as here, a prisoner civil rights action is removed from state court, the Court must also perform a screening function under 28 U.S.C. Section 1915A. Under that section, the Court has discretion to dismiss a prisoner civil rights complaint *sua sponte* "if the complaint … is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief. *Id*. at 570. A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Moreover, because Plaintiff is *pro se*, his pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Courts are directed to overlook "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id. Pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless it is clear any amendment would be futile. *Id.* at 1109.

### III.  Discussion

Plaintiff primarily raises constitutional claims under the Eighth Amendment and 42 U.S.C. Section 1983. (Doc. 1-2). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Applying this standard, Plaintiff's allegations against Dr. Andrade Barraza survive initial review. To state an Eighth Amendment claim, a plaintiff must demonstrate he experienced a "substantial risk of serious harm," and that the prison "official was subjectively aware of the risk." *Wilson v. Falk*, 877 F.3d 1204, 1209 (10th Cir. 2017). Plaintiff's medical conditions (Parkinson's disease, untreated nerve pain and numbness, and difficulty walking and urinating) are serious, and he alleges Dr. Andrade Barraza knew about these issues and refused to provide ay treatment. The

3

Court will therefore allow the case to proceed as to Dr. Andrade Barraza, using the answer on file (Doc. 3).

As to Medical Director Pierce, the allegations are insufficient to show she was personally involved in the constitutional violation. It does not appear Pierce examined Plaintiff or assisted with his care. The Complaint only alleges Plaintiff sent Pierce an inmate request form stating he was "in a lot of pain," and that she failed to respond. This information does not establish she was subjectively aware of Plaintiff's various medical issues. The Court will therefore dismiss all claims against Pierce without prejudice. Plaintiff may file a supplemental amended pleading relating to Pierce within thirty (30) days of entry of this order. The supplemental pleading should include more information, if any, about how Pierce was personally involved in, and subjectively aware of, the inadequate medical care. Plaintiff is reminded that Pierce is not liable simply by virtue of being the medical director. Where a prison supervisor is not personally involved in the wrongdoing, they can only be liable if they "promulgat[e] ... a policy that caused a deprivation of plaintiff's rights." *Dodd v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010).

The supplemental pleading can also include additional information about Paul Oliver. Oliver is listed as a Defendant in the caption of the Complaint, but there is no information regarding his involvement in the wrongdoing. If Plaintiff fails to timely file a supplemental pleading stating a cognizable claim against Pierce and/or Oliver, the Court will dismiss all claims against those Defendants and proceed with the claims against Dr. Andrade Barraza.

**IV.  Pending Motions**

Plaintiff also asks the Court to: (1) stay the Defendant's answer deadline while he conducts discovery; (2) compel discovery; (3) hold a status conference; and (4) appoint counsel. (Docs. 6,

7, 8, and 9). The motions requesting discovery and a hearing are premature. *Pro se* prisoner cases are exempt from pretrial discovery procedures such as a Fed. R. Civ. P. Rule 16 scheduling conference. *See* NMLR 16.3(d). In lieu of traditional discovery, the assigned Magistrate Judge ordinarily orders a *Martinez* report, which is "a court-authorized investigation and report by prison officials" aimed at ferreting out "any factual or legal bases for [the] claims." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). If Plaintiff determines certain facts or evidence is missing from the *Martinez* report, he may renew his request for discovery and/or a hearing.

As to the remaining request, "[c]ourts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). The decision to make this request is a matter of discretion. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Factors guiding the Court's decision include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors, the Court will not take the extraordinary step of asking a local attorney to represent Plaintiff on a *pro bono* basis. The claims are not particularly complex, and Plaintiff appears capable of litigating of this action. The Court therefore deny all pending motions (Docs. 6, 7, and 8).

**IT IS ORDERED** that all pending motions (**Docs. 6, 7, and 8**) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Andrade-Barraza survive initial review and will not be dismissed. The Court will enter a separate order referring those claims to Magistrate Judge John Robbenhaar to oversee the *Martinez* report and propose a recommended disposition.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Sheri Pierce and

Paul Oliver, if any, are **DISMISSED without prejudice**; and Plaintiff may file a supplemental pleading against Pierce and/or Oliver within thirty (30) days of entry of this Order.

_____
SENIOR UNITED STATES DISTRICT JUDGE